IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00609-BNB

JILL COIT,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Director of C.D.O.C.,
THE COLORADO DEPARTMENT OF CORRECTIONS,
JAMES WELTON,
LARRY REID, L.V.C.F.,
ROBERT CANTWELL,
LLOYD WAIDE, L.V.C.F.,
MICHAEL DOUSSARD, L.V.C.F., (Spelling),
C.I.D. DENNIS HOUGNON, Pueblo,
C.I.D. COLIN CARSON, D.W.C.F.,
JOHN MARTIN,
JANE/JOHN DOE – DOE 1,2,3,4, Who Took Legal Supreme Court Mail,
SGT. HATFIELD, D.W.C.F.,
CATHIE HOLST,
JOAN SHOEMAKER,
DR. P. FRANTZ,
DR. MARTINEZ-HOCHBE-YENETT,
SGT. LASSO, D.W.C.F.,
ANTHONY DECESARO,
SGT. FIELDS, L.V.C.F.,
SCOTT HALL, D.W.C.F.,
JANE/JOHN DOE #5 (Who took 2 cubic feet legal box)
CAPTAIN KITTY ARNOLD,
FLORIDA DEPARTMENT OF CORRECTIONS,
READING COMMITTEE,
DOE #6 (B.C.I.) OFFICER ASSAULT,
DOE #7 (B.C.I.), Transportation Officer Who Took Complaint,
L.C.I. – ASSISTANT WARDEN POOLE, and
H.C.I. DR. RAZDON,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Jill Coit, is a prisoner in the custody of the Florida Department of Corrections (FDOC) who currently is incarcerated at the Lowell Correctional Institution – Annex in Ocala, Florida.  She has filed *pro se* a 95-page Prisoner Complaint pursuant to 42 U.S.C. § 1983, including numerous attachments, against defendants at both the FDOC, and the Colorado Department of Corrections (CDOC), where she previously was incarcerated.  She asks for money damages, injunctive relief, and the "same relief she filed for," ECF No. 1 at 51, in a dismissed case, *Coit v. Zavaras*, No. 98-cv-02031-LTB-MEH (D. Colo. Aug. 6, 2007), *aff'd*, No. 07-1370 (10th Cir. June 10, 2008).  Ms. Coit has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Ms. Coit's filings liberally because she is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Ms. Coit will be directed to file an amended complaint.

Ms. Coit is suing an improper party.  Regardless of the relief sought, Ms. Coit may not sue the Colorado Department of Corrections.  The State of Colorado and its entities are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."  *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med.*

*Ctr.*, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

In addition, Ms. Coit's complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Coit's complaint is verbose and her allegations are disjointed and rambling.

She refers to *Montez v. Owens*, No. 92-cv-00870-JLK, an action commenced pursuant to the ADA and Rehabilitation Act on behalf of Colorado inmates suffering from particular disabilities and alleges violations of the *Montez* remedial plan of August 27, 2003. Any disagreement Ms. Coit has about the CDOC's compliance with the *Montez* remedial plan must be directed to class counsel in *Montez*. The claims she asserts against the FDOC and its employees must be asserted in the appropriate court in Florida because this case lacks jurisdiction over any claims asserted against Florida defendants. Ms. Coit appears to be reasserting allegations previously raised in No. 98-cv-02031-LTB-MEH, and I caution her that she should refrain from raising claims that are barred by the doctrines of collateral estoppel and res judicata. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). Ms. Coit also may not raise claims barred by the statute of limitations, as she was informed in No. 98-cv-02031-LTB-MEH, both by this Court and by the United States Court of Appeals in affirming this Court.

Generally, Ms. Coit fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

It is Ms. Coit's responsibility to present her claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Ms. Coit must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights. The general

rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the amended complaint she will be directed to file, Ms. Coit must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Coit must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Ms. Coit may use fictitious names, such as "John or Jane Doe," if she does not know the real names of the individuals who allegedly violated her rights. However, if Ms. Coit uses fictitious names she must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Lastly, the amended complaint Ms. Coit will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1E. and G.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1.  Ms. Coit will be given an opportunity to cure the deficiencies in her complaint by submitting a legible amended complaint that asserts appropriate claims, states them clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Jill Coit, **within thirty (30) days from the date of this order**, file an amended complaint that complies with this order.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that Ms. Coit shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Coit fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED June 8, 2012, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge