IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–00609–WYD–MJW

JILL COIT,

Plaintiff,

v.

ARISTEDES ZAVARAZ [sic], Director of the Colorado Department of Corrections,
JAMES WELTON, Director C.I.D.,
LARRY REID, L.V.C.F.,
ROBERT CANTWELL, Director of Prison,
LLOYD WAIDE, L.V.C.F.,
MICHAEL DOUSSARD, L.V.C.F., (Spelling),
C.I.D. DENNIS HOUGHNON, Pueblo,
C.I.D. COLIN CARSON, D.W.C.F.,
JOHN MARTIN,
JANE/JOHN DOE-DOE, #1&2 (Who Took Legal Supreme Court Mail), D.W.C.F.,
JOAN SHOEMAKER,
Dr. P. FRANTZ,
JANE/JOHN DOE-DOE, #3 (Who Took 2 Cub Feet Legal Box), D.W.C.F.,

Defendants.

_____

MINUTE ORDER

_____

Entered by Magistrate Judge Michael J. Watanabe

The Pro Se Incarcerated Plaintiff was moved from the Colorado Department of
Corrections and is currently incarcerated in the Lowell Correctional Institution/Main Unit
in Ocala, Florida.  The Pro Se Incarcerated Plaintiff may not have access to the United
States District Court for the District of Colorado Local Rules of Practice.  Furthermore,  it
is unclear how much access that the Pro Se Incarcerated Plaintiff has to computer legal
research at the Lowell Correctional Institution/Main Unit or whether the Lowell
Correctional Institution/Main Unit has hard copies of Colorado law and the United States
District Court for the District of Colorado Local Rules of Practice available in its law
library for prisoner use.

Accordingly, it is hereby ORDERED that the Pro Se Incarcerated Plaintiff's
Motion to Request Named Court Legal Documents so Plaintiff can Obey Court "Order
Setting Telephone Status Conference for Pro Se Plaintiff(s) Order of Reference to
Magistrate Judge and Order Drawing Case." [sic] (docket no. 31) is GRANTED IN
PART AND DENIED IN PART.

2

The subject motion (docket no. 31) is GRANTED insofar as the Clerk of the Court shall mail to the Pro Se Incarcerated Plaintiff a copy of this Minute Order along with the following: (1) a copy of the United States District Court for the District of Colorado Local Rules of Practice; (2) a copy of 18 U.S.C. § 1915; and (3) a copy of Fed. R. Civ. P. 4, 16, and 72.  This court is providing the Pro Se Incarcerated Plaintiff with copies of Fed. R. Civ. P. 4, 16, and 72 pursuant to Fed. R. Civ. P. 1 in order to move this case forward.

The subject motion (docket no. 31) is DENIED as to this court providing plaintiff with a copy of the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The Federal Rules of Civil Procedure and the Federal Rules of Evidence should be available in the Lowell Correctional Institution/Main Unit.  There has been no showing by the Pro Se Incarcerated Plaintiff that the Lowell Correctional Institution/Main Unit does not have copies of the Federal Rules of Civil Procedure and the Federal Rules of Evidence for use by inmates in that facility.

It is FURTHER ORDERED that the Pro Se Incarcerated Plaintiff shall serve, in the future, all Defendants with a copy of any motion filed by the Pro Se Incarcerated Plaintiff consistent with D.C.COLO.LCivR 7.1.  Failure to comply with D.C.COLO.LCivR 7.1 may result in having such motion denied forthwith for failure to comply with D.C.COLO.LCivR 7.1.

Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).  The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court.  Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (pro se plaintiffs are held to the same rules of procedure which apply to other litigants); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998); People v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986).  It is not the proper function of the district court to assume the role of advocate for the pro se litigant.  Gibson v. City of Cripple Creek, 48 F.3d 1231 (10th Cir. 1995).

Date: August 16, 2012 _____