IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–00609–WYD–MJW

JILL COIT,

Plaintiff,

v.

ARISTEDES ZAVARAS, Director of the Colorado Department of Corrections, et. al,

Defendants.

---

## RECOMMENDATION THAT THE CLAIMS AGAINST THE JOHN DOE DEFENDANTS BE DISMISSED

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This case is before this court pursuant to an Order Referring Case issued by Judge Wiley Y. Daniel on August 2, 2012 (Docket No. 27).

This action was commenced on March 9, 2012.  On September 6, 2012, the court entered a show cause order (Docket No. 55) directing plaintiff to identify the three remaining Jane/John Doe defendants.  The show cause order also noted that plaintiff had not yet served or provided addresses for three of the named defendants.  A show cause hearing was set for November 5, 2012.

At the November 5, 2012 hearing, the court noted that two of the named defendants had been served.  However, defendant Michael Dussart had yet to be served.  In addition, the three Jane/John Doe defendants were not identified.  The court continued the show cause hearing to January 10, 2013.

2

At the January 10, 2013 hearing, plaintiff identified two additional defendants: Sergeant Hatfield and Sergeant Fitzgerald.  Plaintiff was permitted to amend her complaint to add these two additional defendants.  No additional defendants were identified.  In addition, defendant Michael Dussart had not been served.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the claims against defendant Michael Dussart, Jane/John Doe #1, Jane/John Doe #2, and Jane/John Doe #3 should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).


Dated:     January 10, 2013            s/ Michael J. Watanabe
           Denver, Colorado           Michael J. Watanabe
                                      United States Magistrate Judge