IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–00609–WYD–MJW

JILL COIT,

Plaintiff,

v.

ARISTEDES ZAVARAS, Director of the Colorado Department of Corrections, et. al,

Defendants.

**RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6) IN
PART (Docket No. 81)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No.

27) issued by Judge Wiley Y. Daniel on August 2, 2012.

**PLAINTIFF'S ALLEGATIONS**

Pro se prisoner plaintiff Jill Coit alleges the following in her Amended Prisoner

Complaint (Docket No. 20).  Plaintiff was previously incarcerated in the Colorado

Department of Corrections ("CDOC").  Claim One alleges that between October 2009

and June 2010, plaintiff was sexually assaulted by prison staff member Michael

Dussart.[1]  Plaintiff further alleges that she reported the assaults to various named

defendants, but defendants failed to adequately investigate her allegations and protect

---

[1] Mr. Dussart was originally named as a defendant in this matter.  On February 4, 2013,
Judge Daniel dismissed Mr. Dussart without prejudice pursuant to Fed. R. Civ. P. 4(m) and
D.C.COLO.LCivR 41.1.  See Docket No. 163.

her from Mr. Dussart.  In addition, plaintiff alleges that Defendant Cantwell breached a

contract to transfer her to a prison in Alaska.  Plaintiff also alleges she was retaliated

against in various ways.

Claim Two alleges the Jane/John Doe Defendants[2] tampered with her legal mail

in order to deny her access to the courts.   Plaintiff further asserts that Defendant

Zavaras and Defendant Carson are liable for this claim.

Claim Three alleges Defendant Frantz and Defendant Shoemaker violated

plaintiff's Eighth Amendment rights, First Amendment rights, and her rights under the

Americans with Disabilities Act ("ADA") by denying/delaying prescribed medical

treatments, evaluations, and appliances/aids for chronic medical problems.

Finally, in various places in plaintiff's Amended Complaint, plaintiff also asserts

that her religious rights were violated under the Religious Land Use and Institutionalized

Persons Act ("RLUIPA") and the First Amendment.

**PENDING MOTION**

Now before the court for a report and recommendation is defendants' Motion to

Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) in Part (Docket No. 81).  Therein,

defendants argue that: (1) claims for monetary damages against defendants in their

official capacities are barred; (2) any claims arising out of incidents that occurred more

---

[2] On February 4, 2013, Judge Daniel dismissed the three Jane/John Doe Defendants without prejudice pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1.  See Docket No. 163.  However, this court had previously allowed plaintiff to substitute an individual with the last name of "Fitzgerald" and an individual with the last name of "Hatfield" in place of two of the Jane/John Doe Defendants.  See Docket No. 152.  On February 7, 2013, counsel for defendants filed notification with the court stating that no current employees of the CDOC match the newly added Fitzgerald and Hatfield defendants.  See Docket No. 170.  Consequently, service could not be waived for those defendants.  As of the date of this recommendation, service has otherwise not been effected on Defendants Fitzgerald and Hatfield.

than two years before the filing of plaintiff's complaint are barred by the applicable

statute of limitations; (3) plaintiff has failed to state a viable RLUIPA claim upon which

relief can be granted; (4) plaintiff has failed to state a viable claim for the denial of legal

access; (5) plaintiff's claims against Defendant Frantz should be dismissed for lack of

personal participation; (6) plaintiff has failed to state an ADA claim upon which relief can

be granted; (7) plaintiff has failed to state a claim for breach of contract; (8) plaintiff has

failed to state a claim for denial of her equal protection rights; (9) plaintiff has failed to

state of claim under PREA; and (10) defendants are entitled to qualified immunity.

The court has carefully considered the Amended Prisoner Complaint (Docket No.

20), the motion to dismiss (Docket No. 81), plaintiff's response (Docket No. 110),

defendants' reply (Docket No. 128), and plaintiff's second response (Docket No. 131).

In addition, the court has taken judicial notice of the court's file, and has considered the

applicable Federal Rules of Civil Procedure and case law.  The court now being fully

informed makes the following findings of fact, conclusions of law, and

recommendations.

Under Rule 8(a)(2), a pleading must contain "a short and plaint statement of the

claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to

dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon

which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint must be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to

relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of

4

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Id. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012).  The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'"  Id.  The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'"  Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo.,

5

154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32

(10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the

tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v.

Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule

12(b)(6), [the court] will disregard conclusory statements and look only to whether the

remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding pro se. The court, therefore, reviews her pleadings and

other papers liberally and holds them to a less stringent standard than those drafted by

attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir.

2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro

se complaint to less stringent standards than formal pleadings drafted by lawyers).

However, a pro se litigant's conclusory allegations without supporting factual averments

are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935

F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove

facts that have not been alleged or that a defendant has violated laws in ways that a

plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council

of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170,

1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to

round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v.

City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not

construct arguments or theories for the plaintiff in the absence of any discussion of

those issues). The plaintiff's pro se status does not entitle him to application of different

6

rules.  Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

## 1. Monetary Damages against Defendants in their Official Capacities

First, defendants argue that any claims for monetary damages against

defendants in their official capacities are barred by the Eleventh Amendment.

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege the

violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged depravation was committed by a *person* acting under color of

state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added).  State officials

acting in their official capacities are not "persons" acting under color of state law for §

1983 purposes.  McLaughlin v. Bd. of Trs. of State Colls. of Colo., 215 F.3d 1168, 1172

(10th Cir. 2000).  However, "a state official in his or her official capacity, when sued for

prospective injunctive relief" is considered a "person" under § 1983.  See Will v. Mich.

Dept. of State Police, 491 U.S. 58, 71 n.10 (1989).

In plaintiff's response (Docket No. 110), plaintiff states that she is not seeking

damages against defendants in their official capacities.  Regardless, the court finds that

defendants are entitled to Eleventh Amendment immunity, in their official capacities, to

the extent any of plaintiff's claims seek monetary damages.

## 2. Statute of Limitations

Next, defendants argue that any claims brought by plaintiff which arise from

incidents which occurred more than two years before the filing of plaintiff's complaint are

barred by the applicable statute of limitations.

Section 1983 creates a cause of action for "the deprivation, under color of state

law, of a citizen's rights, privileges, or immunities secured by the Constitution and the laws of the United States." Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quotation marks and citations omitted). Under Tenth Circuit law, § 1983 suits are analogous to but distinct from tort claims, because they "ultimately rest on the Constitution, not on state (or federal) common law." Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008).

The statute of limitations for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Colorado, that period is two years. See C.R.S. § 13-80-102; Workman v. Jordan, 32 F.3d 475, 482 (10th Cir. 1994). The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the claim. Workman, 32 F.3d at 482.

Here, defendants argue that the statute of limitations on plaintiff's failure to protect claim began to run on October 14, 2009, the date plaintiff informed defendants of the sexual assaults by letter and repeated phone calls. See Docket No. 20, at 6, 8-11, 18, 22. Defendants thus argue the statute of limitations expired in October 2011, approximately six months prior to when plaintiff filed her March 9, 2012 Complaint (Docket No 1). Similarly, defendants argue any retaliatory acts, such as the denial of a hearing aid in 2009, are time-barred. In response, plaintiff argues that her claims relate back to an earlier filed complaint, filed on June 30, 2010 in Case No. 10-cv-01555-LTB.[3] Plaintiff also argues that the alleged repeated sexual assaults constitute a "continuing

---

[3] Plaintiff mistakenly identifies her earlier case as 10-cv-00155.

8

violation," and because the last assault occurred within the two-year statute of

limitations, plaintiff's claims are not barred.

First, as to plaintiff's argument regarding Case No. 10-cv-01555-LTB, Fed. R.

Civ. P. 15(c)(1) permits the relation back of "[a]n amendment to a pleading."  However,

this matter is a separate filing, not an amendment to the complaint in Case No. 10-cv-

01555-LTB.  It is well-settled that "a separately filed claim, as opposed to an

amendment or a supplementary pleading, does not relate back to a previously filed

claim."  Benge v. United States, 17 F.3d 1286, 1288 (10th Cir. 1994).

As to plaintiff's continuing violation argument, the Tenth Circuit has never held

that the continuing violation theory applies to § 1983 actions.  See Mata v. Anderson,

635 F.3d 1250, 1253 (10th Cir. 2011); Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.

1994); Brock v. Herbert, 435 Fed. Appx. 759, 762 (10th Cir. 2011) (unpublished).

However, even assuming the continuing violation theory does apply to § 1983 actions,

the court finds that it is inapplicable to plaintiff's claims.

A continuing violation claim fails when "the plaintiff knew, or through the exercise

of reasonable diligence would have known, she was being discriminated against at the

time the earlier events occurred."  Davidson v. America Online, Incl., 337 F.3d 1179,

1184 (10th Cir. 1993).  The continuing violation theory is premised on the equitable

notion that the statute of limitations should not begin to run until a reasonable person

would be aware that his or her rights have been violated.  Id. (citation and quotation

omitted)  Here, when plaintiff informed defendants of the assaults in October 2009, and

nothing was done to protect her from the next assault, plaintiff at that time became

aware of defendants' failure to protect her.  Each time defendants allegedly failed to

9

protect her from an assault, a discrete violation of plaintiff's rights occurred. The same

holds true for other wrongful acts, such as retaliation, detailed in plaintiff's Amended

Complaint. Simply put, the continuing violation theory does not allow a plaintiff to

challenge discrete acts of wrongful conduct which occurred outside of the statute of

limitations. See Robinson v. Maruffi, 895 F.2d 649, 655 (10th Cir. 1990).

Accordingly, the court finds that any claims based on wrongful acts which

occurred prior to March 9, 2010 are barred by the applicable statute of limitations. This

includes defendants' failure to protect plaintiff from assaults and retaliatory acts which

occurred before March 9, 2010.

### 3. Failure to State a RLUIPA and First Amendment Claim

Defendants next argue that plaintiff has failed state a viable claim under RLUIPA

and the First Amendment regarding the confiscation of religious items.

Under both RLUIPA and the Free Exercise Clause, a plaintiff is required to show

that a defendant's conduct imposed a substantial burden on the plaintiff's religious

practice. Abdulhaseeb v. Calbone, 600 F.3d 1301, 1312-15 (10th Cir. 2010) (applying

RLUIPA); Gallagher v. Shelton, 587 F.3d 1063, 1069-70 (10th Cir. 2009) (applying the

Free Exercise Clause). "A plaintiff bears the initial burden of establishing 'the prima

facie existence' of a substantial burden of his religious exercise." Vigil v. Jones, No. 09-

cv-01676-PAB-KLM, 2011 WL 1480679, at *3 (Mar. 15, 2011) (quoting Warsoldier v.

Woodford, 418 F.3d 989, 995 (9th Cir. 2005)). To survive a motion to dismiss, a

RLUIPA complaint must adequately allege the following: (1) that the plaintiff wishes to

engage in a religious exercise; (2) that this wish is motivated by a sincerely held belief;

and (3) that the exercise is subject to a substantial burden imposed by the government.

10

See Abdulhaseeb, 600 F.3d at 1312.  Here, defendants argue that plaintiff has failed to allege a substantial burden.

RLUIPA does not provide a definition of "substantial burden."  However, the Tenth Circuit has stated that "substantial burden" under RLUIPA is to be interpreted with reference to First Amendment jurisprudence.  Grace United Methodist Church v. City of Cheyenne, 451 F.3d 643, 661 (10th Cir. 2006).  Not every infringement on a religious exercise will constitute a substantial burden.  "The practice burdened need not be central to the adherent's belief system, but the adherent must have an honest belief that the practice is important to his free exercise of religion."  Abdulhaseeb, 600 F.3d at 1316 (quoting Sossamon v. Lone Star State of Tex., 560 F.3d 316, 332 (5th Cir. 2009)).  At a minimum, the adherent must demonstrate that the denial of a particular religious item is "more than an inconvenience to one's religious practice."  Id. (quoting Adkins v. Kaspar, 393 F.3d 559, 570 (5th Cir. 2004)).

Defendants argue plaintiff's Amended Complaint contains only one conclusory statement as to her claim that religious items were confiscated, and no specific factual allegations demonstrating that defendants substantially burdened her religious exercise.

In her Amended Complaint, plaintiff states that "Defendant Martin withheld and denied Plaintiff her . . . religious items necessary for her to follow the tenants of her sincerely held religious belief - orthodox Judaism."  Docket No. 20, at 7.  Plaintiff's Amended Complaint contains no other factual allegations regarding this claim.

The court finds that this is insufficient to state a valid claim under RLUIPA or the Free Exercise Clause.  Plaintiff's claim consists of a single, conclusory and vague factual averment.  Plaintiff provides no further factual allegations such as what specific

11

items were withheld, when they were withheld, and how those items are important to the

exercise of her religion. Plaintiff's single averment is plainly insufficient under Rule 8

and the Twombly/Iqbal standard. Furthermore, in her Amended Complaint, plaintiff

states that she "is not asking for injunctive relief." Docket No. 20, at 14. RLUIPA only

provides for injunctive relief; monetary damages are not available under RLUIPA. See

42 U.S.C. § 2000cc-2(a); Sossamon, 131 S. Ct. at 1658-59. Accordingly, for the above

reasons, the court finds that plaintiff has failed to state a valid RLUIPA or First

Amendment claim regarding the confiscation of religious items.

## 4. Failure to State a Claim for Denial of Legal Access

### A. Supreme Court Mail in Case No. 98-cv-02031-LTB-MEH

Defendants argue that plaintiff has failed to state a valid claim against Defendant

Zavaras and Defendant Carson regarding plaintiff's claim that legal mail from the

Supreme Court was withheld from her in connection with the appeal of Case No. 98-cv-

02031-LTB-MEH. Specifically, defendants argue plaintiff has failed to allege that

Defendant Zavaras personally participated in the alleged misconduct. Defendants also

argue that Defendant Carson cannot be liable for denial of legal access solely due to his

denial of plaintiff's grievance.

Under § 1983, when a defendant is sued in his or her individual capacity, the

complaint must allege facts that show the defendant personally participated in the

alleged violation. See Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997); Jenkins

v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996) ("[P]laintiff must show the defendant

personally participated in the alleged violation, and conclusory allegations are not

sufficient to state a constitutional violation."); Bennett v. Passic, 545 F.2d 1260, 1262-63

12

(10th Cir. 1976).  Further, a defendant may not be held liable under § 1983 merely because of his or her supervisory position.  Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir. 1996).  Rather, there must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise.  Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993).

As to Defendant Zavaras, plaintiff's Amended Complaint contains no allegations that Defendant Zavaras was personally aware of, let alone personally participated in, the alleged withholding of plaintiff's Supreme Court mail.  Further, there are no allegations that Defendant Zavaras was personally aware of staff manipulation of the legal mail logs.  In addition, Defendant Zavaras' supervisory position alone cannot make him liable under § 1983.  Accordingly, the court finds that plaintiff has failed to state a viable claim against Defendant Zavaras as to the withholding of Supreme Court mail related to Case No. 98-cv-02031-LTB-MEH.

As to Defendant Carson, the only allegation in plaintiff's Amended Complaint involving Defendant Carson and the withholding of plaintiff's Supreme Court mail is that Defendant Carson denied plaintiff's grievance after the August 2010 meeting with Defendant Cantwell.  See Docket No. 20, at 24.  "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) (unpublished decision).  Accordingly, the court finds that plaintiff has failed to state a viable claim against Defendant Carson as to the withholding of Supreme Court mail related to Case No. 98-cv-02031-LTB-MEH.

13

**B. Confiscation of Two Cubic Feet of Legal Documents**

Defendants argue plaintiff has failed to allege a distinct and palpable injury

resulting from the alleged confiscation of plaintiff's two cubic feet of legal documents.

Defendants contend that because the current case is unresolved, any claim for denial of

legal access arising out of the confiscation of these materials is not yet ripe.

To state a claim for the denial of legal access to the courts, a plaintiff must show

that an action or omission by a prison official denied the plaintiff "adequate, effective,

and meaningful" access to the courts.  Bound v. Smith, 430 U.S. 817, 822 (1977).  The

plaintiff must also show that a "distinct and palpable" injury resulted from the

defendant's conduct.  Wardell v. Duncan, 470 F.3d 954, 959 (10th Cir. 2006).  The

plaintiff must substantiate an actual injury in order to establish a claim.  Id.

Here, plaintiff alleges that the two cubic feet of legal documents which were

confiscated were legal documents pertaining to this matter.  Accordingly, plaintiff cannot

allege that she has suffered an actual, distinct and palpable injury since this matter

remains unresolved.  In other words, plaintiff's claim is not yet ripe.  See Texas v.

United States, 523 U.S. 296, 300 (1998) (stating that a claim is not yet ripe if it rests

upon contingent future events that may not occur as anticipated or may not occur at all).

Accordingly, the court finds plaintiff's claim regarding the confiscation of two cubic feet

of legal documents should be dismissed.

**5. Lack of Personal Participation by Defendant Frantz**

Defendants argue that plaintiff has failed to allege personal participation of

Defendant Frantz as to Claim Three.  Defendants contend that the only allegations as to

Defendant Frantz are conclusory in nature and are inadequate to show personal

14

participation.

In her Amended Complaint, plaintiff makes specific factual allegations in Claim

Three as to Defendant Shoemaker.  See Docket No. 20, at 27-28.  However, the three

paragraphs wherein Defendant Frantz is named (by handwriting his name) are

conclusory statements and not specific factual allegations.  Accordingly, the court finds

that plaintiff has failed to allege personal participation of Defendant Frantz as to Claim

Three.

## 6. Failure to State an ADA Claim

Defendants argue plaintiff has failed to state a valid ADA claim under Claim

Three.

Title II of the ADA prohibits discrimination in the provision of government

programs, activities, and services against a qualified individual with a disability.  See 42

U.S.C. § 12132.  "To state a claim under Title II, the plaintiff must allege that (1) he is a

qualified individual with a disability, (2) who was excluded from participation in or denied

the benefits of a public entity's services, programs, or activities, and (3) such exclusion,

denial of benefits, or discrimination was by reason of a disability."  Robertson v. Las

Animas Cnty. Sheriff's Dep't, 500 F.3d 1185, 1193 (10th Cir. 2007).

To state an ADA claim, a plaintiff "is obligated to show that he was 'otherwise

qualified' for the benefits he sought and that he was denied those 'solely by reason of

disability.'"  Fitzgerald v. Corrections Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005)

(quoting Johnson by Johnson v. Thompson, 971 F.2d 1487, 1492 (10th Cir. 1992)).

"[T]he term otherwise qualified cannot ordinarily be applied in the comparatively fluid

context of medical treatment decisions without distorting its plain meaning."  Johnson,

15

971 F.2d at 1493-94.  "As to whether treatment was denied 'solely' by reason of

disability . . . 'Where the handicapping condition is related to the condition(s) to be

treated, it will rarely, if ever, be possible to say . . . that a particular decision was

'discriminatory.'"  Fitzgerald, 403 F.3d at 1144 (quoting United States v. University

Hosp., 729 F.2d 144, 157 (2nd Cir. 1984)).  Accordingly, "the failure to provide medical

[or mental health] treatment to a disabled prisoner, while perhaps raising Eighth

Amendment concerns in certain circumstances, does not constitute an ADA violation."

Rashad v. Doughty, 4 Fed. Appx. 558, 560 (10th Cir. 2001) (unpublished decision).

        Here, plaintiff alleges that she was denied follow-up appointments with specialists

"capable of diagnosing and treating her serious ongoing medical need" and that she

was denied an orthopedic specialist visit for knee, back, spine, and hip pain, as well as

orthopedic shoes.  See Docket No. 20, at 27-28.  These are not allegations about

discrimination based upon a disability, but rather complaints about the adequacy of the

medical care provided to plaintiff.  Accordingly, the court finds that plaintiff has failed to

state a valid ADA claim.

## 7. Failure to State a Claim for Breach of Contract

        Defendants argue plaintiff has failed to allege the required elements of a breach

of contract claim and plaintiff's breach of contract claim is barred by the applicable

statute of limitations.

        In Colorado, the statute of limitations for a breach of contract claim is generally

three years.  See C.R.S. § 13-80-101(a).  However, regardless of the theory upon which

the suit is brought, "[a]ll actions against sheriffs, coroners, police officer, firefighters,

national guardsmen, or any other law enforcement authority" must be brought within

16

one year after the cause of action accrues.  C.R.S. § 13-80-103(1)(c).  The one-year

statute of limitations, because it applies to a particular class of defendants, prevails over

the three-year statute of limitations, which applies to a particular subject matter.  See

Dawson v. Reider, 872, P.2d 212, 223 (Colo. 1994); see also Robinette v. Schirard, No.

10-cv-02172-CMA-KLM, 2012 WL 3038722, at *3 (D. Colo. July 24, 2012) (finding the

one-year statute of limitations applies to various state law claims).

   While C.R.S. § 13-80-103(1)(c) does not define "other law enforcement

authority," Colorado courts have held that prisons are "law enforcement" agencies.  See

Jordan v. U.S. Dept. of Justice, 668 F.3d 1188, 1195 (Colo. 2011).  Accordingly, it

follows that individuals, such as prisoner guards and their supervisors, are law

enforcement authorities under C.R.S. § 13-80-103(1)(c).

   Here, the court finds that plaintiff's state law claim for breach of contract is

subject to the one-year statute of limitations.  Defendant Cantwell, as director of prisons,

is an "other law enforcement authority" under C.R.S. § 13-80-103(1)(c).  In her

Amended Complaint, plaintiff states that she and Defendant Cantwell entered into a

verbal agreement in August of 2010 under which plaintiff would be transferred to the

Alaska Department of Corrections within thirty days of the meeting.  See Docket No. 20,

at 18.  Accordingly, plaintiff's breach of contract claim accrued by the end of September

2010, and the statute of limitations expired by the end of September 2011.  Because

plaintiff's Complaint was not filed until March 9, 2012, the court finds that plaintiff's

breach of contract claim is barred by the applicable statute of limitations.

## 8. Failure to State a Claim for Denial of Equal Protection Rights

   Defendants argue plaintiff fails to allege a valid claim for denial of her equal

protection rights in which plaintiff alleges that another inmate was transferred with all of her property while plaintiff was not.

"The Fourteenth Amendment guarantee of equal protection 'is essentially a direction that all persons similarly situated should be treated alike.'" Straley v. Utah Bd. of Pardons, 582 F.3d 1208, 1215 (10th Cir. 2009) (quoting City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)).  Accordingly, a plaintiff must first establish that others, similarly situated in every material aspect, were treated differently.  Kan. Penn Gamming, LLC v. Collins, 656 F.3d 1210, 1216 (10th Cir. 2011).  Because "it is exceedingly difficult to demonstrate that any difference in treatment is not attributable to a quirk of the plaintiff or even to the fallibility of administrators whose inconsistency is as random as it is inevitable . . . courts have imposed exacting burdens on plaintiffs to demonstrate similarity in class-of-one cases."  Jicarilla Apache Nation v. Rio Arriba Cnty., 440 F.3d 1202, 1213 (10th Cir. 2006).

In her Amended Complaint, plaintiff states that she was treated differently from "inmate Phoenix" who was transferred to a Kansas prison with "all of her personal property" on November 7, 2006, while plaintiff was not transferred with all her property in 2010.  See Docket No. 20, at 15.  Plaintiff's single sentence is clearly insufficient to state an equal protection claim.  Plaintiff's allegations do not establish that she was similarly situated to this inmate, as her allegations do not demonstrate that they had the same amount or type of property, among other details. In addition, four years passed between the transfer of the other inmate and plaintiff.  Because plaintiff fails to sufficiently allege that she was treated differently than similarly situated individuals, she fails to state an equal protection claim upon which relief can be granted.

18

**9. Failure to State a Claim under PREA**

Defendants argue plaintiff has failed to state a claim under PREA because PREA does not create a private right of action.

The Prison Rape Elimination Act "provides no private right of action." Nasious v. City & Cnty. of Denver, No. 08–cv–00275–ZLW–KMT, 2010 WL 1347731, at *2 (D.Colo. Mar. 31, 2010) (citing Gonzaga Univ. v. Doe, 536 U.S. 273, 279–80 (2002) ("courts do not imply a right to sue absent a statute's unambiguous intent to confer individual rights")). "PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue . . . . The statute does not grant prisoners any specific rights." Chinnici v. Edwards, No. 1:07–cv–229, 2008 WL 3851294, at *3 (D.Vt. Aug. 13, 2008) (citing 42 U.S.C. § 15601).

Accordingly, the court finds that plaintiff has no private right of action under PREA, and her claim should be dismissed for that reason.

**REMAINING CLAIMS**

In order to prevent any confusion, the court has reviewed plaintiff's Amended Complaint in light of the above recommendations, and has determined that the following claims will remain if the court's recommendations are adopted: (1) Failure to Protect claims which accrued on or after March 9, 2010; (2) Retaliation claims which accrued on or after March 9, 2010; (3) Eighth Amendment claim against Defendant Shoemaker; and (4) Denial of access to courts claim for withholding Supreme Court mail against Defendant Hatfield and Defendant Fitzgerald.

19

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P.

12(b)(6) in Part (Docket No. 81) be **GRANTED** as outlined above.


**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy.  The District Judge need**

**not consider frivolous, conclusive, or general objections.  A party's failure to file**

**and serve such written, specific objections waives de novo review of the**

**recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse,**

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  March 11, 2013                          s/ Michael J. Watanabe
       Denver, Colorado                        Michael J. Watanabe
                                               United States Magistrate Judge