IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–00609–WYD–MJW

JILL COIT,

Plaintiff,

v.

ARISTEDES ZAVARAS, Director of the Colorado Department of Corrections, et al.,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that the Pro Se Incarcerated Plaintiff's Motion to Allow All of Defendants Exhibits/Documents Submitted to Plaintiff Under Discovery be Admissible in Court at Trial as Well as Plaintiff's Exhibits Submitted Under Discovery (Docket No. 315) is premature and **DENIED WITHOUT PREJUDICE**. A Final Pretrial Conference is set before Magistrate Judge Watanabe on August 20, 2013 at 9:30 a.m. In the Proposed Final Pretrial Order that the parties will file with the court prior to the Final Pretrial Conference, there is a section within the Final Pretrial Order that addresses exhibits and any stipulations as to admissibility of such trial exhibits. Accordingly, the parties can provide this court with any exhibit stipulations as to trial exhibits in their Proposed Final Pretrial Order. The Pro Se Incarcerated Plaintiff is advised that a party is not required to stipulated to admissibility of any trial exhibit. Lastly, "Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed." See D.C.COLO.LCivR 7.1 C.

It is **FURTHER ORDERED** that the Pro Se Incarcerated Plaintiff's Motion to Order Clerk of Court to Provide Copy of What has been Filed in Above Captioned Case (Docket No. 316) is **DENIED**. This court has provided all Orders issued by this court and the Defendants have provided to the Pro Se Incarcerated Plaintiff all filings that they have made to this court. It is not the proper function of the district court to assume the role of advocate for the pro se litigant. Gibson v. City of Cripple Creek, 48 F.3d 1231 (10th Cir. 1995). As a party, the Pro Se Incarcerated Plaintiff needs to keep track of her own filings and Orders issued by this court. As of the date of this minute order, the docket is now at 330 entries. It should be noted that approximately ninety (90%) percent of all motions that have been filed in this case have been by the Pro Se Incarcerated Plaintiff. Nevertheless, this court knows that the Plaintiff is Pro Se and incarcerated, and therefore the Clerk is **DIRECTED** to send to Plaintiff a copy of this

2

court's docket sheet for the last six months [i.e. from January 1, 2013 to the date of this minute order]. Lastly, "Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed." See D.C.COLO.LCivR 7.1 C.

It is **FURTHER ORDERED** that the Pro Se Incarcerated Plaintiff's Motion for Extra Days for Trial (Docket No. 319) is **DENIED**. This case can be tried in five days. Judge Daniel is a very experienced trial judge and he manages jury trials efficiently and effectively. On May 29, 2013, Judge Daniel made an informed and thoughtful decision when he entered his minute order setting this case for a jury trial for five days. See Docket No. 288. Moreover, in Judge Daniel's minute order (Docket No. 288), he informed the parties, *in pertinent part*, of the following: **"The parties are directed to review and comply with my Practice Standards with respect to all trial preparation matters and deadlines."** For these reasons, this motion (Docket No. 319) should be denied. Lastly, "Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed." See D.C.COLO.LCivR 7.1 C.

Date: July 9, 2013