IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-00609-WYD-MJW

JILL COIT,

　　　　Plaintiff,

v.

ARISTEDES ZAVARAS ,
Director of the Colorado Department of Corrections,
JAMES WELTON, Director C.I.D.,
LARRY REID, L.V.C.F.,
ROBERT CANTWELL, Director of Prison,
LLOYD WAIDE, L.V.C.F.,
C.I.D. DENNIS HOUGHNON, Pueblo,
C.I.D. COLIN CARSON, D.W.C.F.,
JOHN MARTIN,
JOAN SHOEMAKER,
Dr. P. FRANTZ,
SGT. FITZGERALD, and
SGT. HATFIELD

　　　　Defendant(s).

---

## ORDER AFFIRMING AND ADOPTING RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before me on the following: (1) the defendants' Motion To Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 81] filed October 9, 2012; and (2) the

Recommendation of United States Magistrate Judge [ECF No. 194] filed March 11,

2013.  On April 19, 2013, the plaintiff filed an objection [ECF No. 228] to the

recommendation.  I overrule the objection and affirm and adopt the recommendation.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the

recommendation to which the plaintiff objects and I have considered carefully the

recommendation, the objections, and the applicable case law.  The plaintiff is acting *pro se*.  Therefore, I construe her filings generously and with the leniency due pro se litigants, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

In her Amended Prisoner Complaint, the plaintiff alleges that the defendants committed various constitutional violations when she was incarcerated in the Colorado Department of Corrections.[1]  In her first claim for relief, plaintiff alleges that from October 2009 to June of 2010, she was sexually assaulted by prison staff member Michael Dussart.[2]   Plaintiff goes on to claim that she reported the assaults to various named defendants who allegedly failed to investigate her allegations and protect her from Mr. Dussart.  Along with several instances of retaliation, plaintiff further maintains that Defendant Cantwell breached a contract to transfer her to a prison in Alaska.

In Claim Two, while alleging that various defendants tampered with her legal mail in order to deny her access to the courts, plaintiff asserts that Defendants Zavaras and Carson are liable for this claim.   In Claim Three, plaintiff alleges that Defendants Frantz and Shoemaker violated her Eighth Amendment rights, her First Amendment rights, and her rights under the Americans with Disabilities Act (ADA) by denying and/or delaying

---

[1] Plaintiff is serving a life sentence for murder pursuant to a conviction in the state of Colorado, but has been transferred to the Florida Department of Corrections where she is currently serving her sentence.

[2] I note that on April 19, 2013, over plaintiff's objection, I issued an Order Affirming and Adopting Magistrate Judge Watanabe's Recommendation that Mr. Dussart be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). [ECF No. 230].

prescribed medical treatments, evaluations and appliances/aids for chronic medical problems.  Plaintiff also alleges that on July 23, 2010, her legal box was wrongfully confiscated from her without due process thus violating her right of access to the courts.

In the recommendation, the magistrate judge analyzes thoroughly each of the plaintiff's claims and applies correctly the legal standards applicable to a motion to dismiss.  The analysis, conclusions, and recommendations of the magistrate judge are correct.  In her objection [ECF No. 228] the plaintiff argues her position that she is being held to a "higher standard" and that "Rule 12 is a Motion for Summary Judgment without the protection allowed for summary judgment."  [Objection at 1].  Plaintiff also re-raises her argument that Michael Dussart should not have been dismissed, which was rejected in prior orders.  [ECF No. 230].  Plaintiff goes on to make other unsupported or meritless objections and concedes that her amended complaint is "lacking in detail."  [Objection at 4-5].  I conclude that the arguments asserted by the plaintiff in her objection are incorrect.  The recommendation is affirmed and adopted as to the motion to dismiss.

Accordingly, the following claims remain in the case which is set for trial on September 30, 2013: (1) Failure to Protect claims which accrued on or after March 9, 2010; (2) Retaliation claims which accrued on or after March 9, 2010; (3) Eighth Amendment claim against Defendant Shoemaker; and (4) Denial of access to courts claim for withholding Supreme Court mail against Defendant Hatfield and Defendant Fitzgerald.

Therefore, it is

ORDERED that the Recommendation of United States Magistrate Judge [ECF No.1 94] filed March 11, 2013, is **AFFIRMED and ADOPTED** as an order of this court.

Plaintiff's Objection [ECF No. 228] is **OVERRULED**.  Is it

FURTHER ORDERED that the defendants' Motion To Dismiss Pursuant to Fed.

R. Civ. P. 12(B)(6) In Part [ECF No. 81] filed October 9, 2013, is **GRANTED** as set forth

in the recommendation and this Order.  It is

FURTHER ORDERED that the following claims remain in the case which is set

for trial on September 30, 2013: (1) Failure to Protect claims which accrued on or after

March 9, 2010; (2) Retaliation claims which accrued on or after March 9, 2010; (3)

Eighth Amendment claim against Defendant Shoemaker; and (4) Denial of access to

courts claim for withholding Supreme Court mail against Defendant Hatfield and

Defendant Fitzgerald.

Dated:  July 9, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States Senior District Judge