IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–00609–WYD–MJW

JILL COIT,

Plaintiff,

v.

ARISTEDES ZAVARAS, Director of the Colorado Department of Corrections, et al.,

Defendants.

**ORDER REGARDING:**

**[1] PRO SE INCARCERATED PLAINTIFF'S MOTION TO REQUEST THIS COURT ISSUE SUBPOENAS TO THE FOLLOWING WITNESSES AND WRITS OF HABEAS CORPUS AD TESTIFICANDUM**
**(DOCKET NO. 317)**

**[2]  PRO SE INCARCERATED PLAINTIFF'S MOTION TO ADD WITNESSES TO PLAINTIFF'S WITNESS LIST**
**(DOCKET NO. 318)**

**AND**

**[3] PRO SE INCARCERATED PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS OR MOTION TO COMPEL DISCOVERY FROM DEFENDANT WELTON**
**(DOCKET NO. 329)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on July 10, 2013 for status conference and

hearing on [1] Pro Se Incarcerated Plaintiff's Motion to Request this Court Issue

Subpoenas to the Following Witnesses and Writs of Habeas Corpus Ad Testificandum

(Docket No. 317); [2] Pro Se Incarcerated Plaintiff's Motion to Add Witnesses to

Plaintiff's Witness List (Docket No. 318); and [3] Pro Se Incarcerated Plaintiff's Motion for Production of Documents or Motion to Compel Discovery from Defendant Welton (Docket No. 329). CThe court has reviewed the subject motions (Docket Nos. 317, 318 and 329). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered oral argument on these motions. The court now being fully informed makes the following findings of fact, conclusions of law and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That in the subject motion (Docket No. 317), the Pro Se Incarcerated Plaintiff seeks an Order from this court issuing subpoenas to testify to various inmates listed in paragraph 4 in the subject motion and also subpoenas to testify to Judge Ebel [Senior Circuit Court Judge Tenth Circuit], Judge McKay [Senior Circuit Court Judge Tenth Circuit] and Judge Borchers [former Magistrate Judge District of Colorado]. See paragraph 10 in the subject motion (Docket No. 317). In further view of paragraphs 3 and 5 in

the subject motion (Docket No. 317), it is clear that the Pro Se Incarcerated Plaintiff does not know, by way of any proffer, what these inmates will actually testify to if called as witnesses at trial. Further, the Pro Se Incarcerated Plaintiff has failed to demonstrate how the testimony of the three above judges [i.e., Ebel, McKay and Borchers] would be relevant to any of Plaintiff's remaining claims in this case noting Judge Daniel's recent Order Affirming and Adopting Recommendation of United States Magistrate Judge dated July 9, 2013 (Docket No. 335).  Per Judge Daniel's Order (Docket No. 335), the following claims remain in the case which is set for trial on September 30, 2013: (1) Failure to Protect claims which accrued on or after March 9, 2010; (2) Retaliation claims which accrued on or after March 9, 2010; (3) Eighth Amendment claim against Defendant Shoemaker; and (4) Denial of access to courts claim for withholding Supreme Court mail against Defendant Hatfield and Defendant Fitzgerald;

5. That in the subject motion (Docket No. 318), the Pro Se Incarcerated Plaintiff seeks an Order from this court allowing approximately 30 witnesses to be added to the Plaintiff's witness list.  I find this subject motion (Docket No. 318) is premature and should be denied without prejudice.  A Final Pretrial Conference is set before Magistrate Judge Watanabe on August 20, 2013 at 9:30 a.m.  The parties have previously been ordered to file their

proposed Final Pretrial Order with the court on or before August 15, 2013. That within the proposed Final Pretrial Order there is a section for witnesses. The parties shall meet and confer prior to the Final Pretrial Conference and the Pro Se Incarcerated Plaintiff shall provide to the Defendants' counsel the names, addresses, phone numbers and a short summary of each witnesses' testimony that the Pro Se Incarcerated Plaintiff lists as a "will call" witness or a "may call" witness in the proposed Final Pretrial Order. This court will address the propriety of Pro Se Incarcerated Plaintiff and the Defendants' "will or may call witness lists" at the Final Pretrial Conference. It should be noted this court has previously ordered Defendants' counsel to file electronically the proposed Final Pretrial Order with the court since the Plaintiff is pro se and incarcerated and is not subject to electronic filing;

6. That in the subject motion (Docket No. 329), the Pro Se Incarcerated Plaintiff seeks an Order from this court to compel various discovery from Defendants. I find that the Pro Se Incarcerated Plaintiff has filed numerous motions including prior motions to compel with this court in the past. See docket which is currently at Docket No. 337 as of the date of this Order. I have presided over very lengthy hearings in the past trying to determine the merits of numerous motions filed by the Pro Se Incarcerated Plaintiff. See docket sheet. I have previously informed the Pro Se

Incarcerated Plaintiff on numerous occasions that when she seeks relief from this court in the form of a motion to compel that she must outline for the court the specific interrogatory, request for production or request for admission that she alleges Defendants have failed answer or respond to. Defendants have provided to the Pro Se Incarcerated Plaintiff over 1,200 pages of discovery. I find that the Pro Se Incarcerated Plaintiff has failed to demonstrate that she requested the discovery she is seeking in the subject motion (Docket No. 329) through a previously served interrogatory, request for production of document or request for admission. Accordingly, the subject motion (Docket No. 329) should be denied.

ORDER

WHEREFORE, based upon these findings of fact and conclusions of law this court ORDERS:

1. That the Pro Se Incarcerated Plaintiff's Motion to Request this Court Issue Subpoenas to the Following Witnesses and Writs of Habeas Corpus Ad Testificandum (Docket No. 317) is DENIED;

2. That the Pro Se Incarcerated Plaintiff's Motion to Add Witnesses to Plaintiff's Witness List (Docket No. 318) is DENIED WITHOUT PREJUDICE;

3. That the Pro Se Incarcerated Plaintiff's Motion for Production of Documents or Motion to Compel Discovery from Defendant Welton

(Docket No. 329) is DENIED;

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 10th day of July 2013.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE