IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–00609–WYD–MJW

JILL COIT,

Plaintiff,

v.

ARISTEDES ZAVARAS, Director of the Colorado Department of Corrections, et al.,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Unrepresented Incarcerated Plaintiff's Motion to Add Former Defendant Dussart Back Into the Case (docket no. 378) is DENIED for the following reasons.

The subject motion (docket no. 378) is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required.  Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b).  If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted).  This court finds that the Unrepresented Incarcerated Plaintiff has not satisfied this first step in the analysis and has not established good cause to extend the deadline within which she may seek leave to amend the complaint.

The second step is consideration of whether the plaintiff have satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted).

Based upon this standard, I find that the subject motion (docket no. 378) is untimely and without merit.  This court has bent over backwards to allow additional time to complete discovery and has given the Unrepresented Incarcerated Plaintiff every opportunity to develop her case through the discovery process.  See record of court proceedings which is at docket no. 383 as of this date of this minute order. It should be noted that approximately ninety percent (90%) of all motions filed in this case have been filed by the Unrepresented Incarcerated Plaintiff.  The Final Pretrial Conference is set for tomorrow, August 20, 2013.  The deadline to complete discovery was July 15, 2013 and the deadline to file dispositive motions was August 15, 2013.  The Unrepresented Incarcerated Plaintiff filed the subject motion (docket no. 378) on August 16, 2013.  The Trial Preparation Conference is set for September 11, 2013 at 10:00 a.m. and the Jury Trial is set for September 30, 2013 at 9:00 a.m. before Judge Daniel.  The Defendants would be highly prejudiced if this court were to allow an amendment to the pleadings at this late date.  For these reasons, the subject motion (docket no. 378) should be denied.

Date: August 19, 2013