IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-00609-WYD-MJW

JILL COIT,

      Plaintiff,

v.

ARISTEDES ZAVARAS,
(former) Director of the Colorado Department of
Corrections,
JAMES WELTON, Director C.I.D.,
LARRY REID, L.V.C.F.,
ROBERT CANTWELL, (former) Director of Prison,
LLOYD WAIDE, L.V.C.F.,
C.I.D. DENNIS HOUGHNON, Pueblo,
C.I.D. COLIN CARSON, D.W.C.F.,
JOHN MARTIN,
JOAN SHOEMAKER,
Dr. P. FRANTZ, and
SGT. HATFIELD,

      Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE
AND
ORDER OVERRULING OBJECTIONS**

---

I.    <u>INTRODUCTION AND BACKGROUND</u>

    This matter is before me on the following: (1) Magistrate Judge Watanabe's

Recommendation that Defendant Fitzgerald be Dismissed [ECF NO. 340]; (2)

Defendant Hatfield's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)

[ECF No. 322]; (3) Plaintiff's Objection to Minute Order Docket No. 334 [ECF No. 354];

(4) Plaintiff's Objection to Minute Order Docket No. 332 [ECF No. 355]; and (5)

Plaintiff's Objection to Minute Order Docket No. 358 [ECF No. 400].  For the reasons set forth below, I affirm and adopt the recommendations and overrule the objections.

As set forth more fully in Magistrate Judge Watanabe's August 5, 2013 recommendation, on March 9, 2012, Plaintiff commenced this action.  Plaintiff's Amended Complaint included three Jane/John Doe defendants.  After a show cause order was entered and the initial show cause hearing was continued, Magistrate Judge Watanabe held a show cause hearing on January 10, 2013.  At that hearing, Plaintiff identified Sgt. Fitzgerald and Sgt. Hatfield as two of the Jane/John Doe defendants.  Magistrate Judge Watanabe granted Plaintiff's oral motion to add Defendant Fitzgerald and Defendant Hatfield as defendants to the Amended Complaint.

Magistrate Judge Watanabe set a Status Conference for March 4, 2013 to address service on defendants Fitzgerald and Hatfield. The Status Conference was later reset to April 3, 2013.  On March 11, 2013, Magistrate Judge Watanabe entered an Order to Show Cause as to the lack of service on Defendant Fitzgerald and Defendant Hatfield.  A Show Cause Hearing was set for the same day as the Status Conference.

At the April 3, 2013 hearing, Magistrate Judge Watanabe noted that service had still not been effected on Defendant Fitzgerald and Defendant Hatfield.  Thus, he continued the Show Cause Hearing to July 10, 2013.  On June 11, 2013, the U.S. Marshals Service filed Returns of Service for Defendant Fitzgerald and Defendant Hatfield.  The Returns of Service indicated that Defendant Hatfield was served on June 3, 2013.  Defendant Fitzgerald was not served due to his death on March 3, 2013.

-2-

II.  <u>RECOMMENDATIONS</u>

    A.  <u>Magistrate Judge Watanabe's Recommendation that Defendant Fitzgerald be Dismissed [ECF No. 340]</u>

Magistrate Judge Watanabe noted that the return of service indicates that Defendant Fitzgerald died on March 3, 2013.  Thus, he recommends that Defendant Fitzgerald be dismissed because service was not effectuated pursuant to Fed. R. Civ. P. 4(m).  (Recommendation at 2).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the Plaintiff objects and I have considered carefully the recommendation, the objections, and the applicable case law.  The Plaintiff is acting *pro se*.  Therefore, I construe her filings generously and with the leniency due *pro se* litigants, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

I find that Magistrate Judge Watanabe applied the correct legal standard with respect to the failed service of Defendant Fitzgerald.  Plaintiff objects, arguing that she "still hold[s] Sgt. Fitzgerald responsible for the loss of her legal documents. ..." (Objection at 3).  Plaintiff goes on to discuss *inter alia* her allegation that her legal documents were wrongfully confiscated.  However, Plaintiff never directly addresses Rule 4(m), which requires a defendant to be served within 120 days after the complaint is filed.  Here, Defendant Fitzgerald passed away on March 3, 2013 and was never served.  Thus, Plaintiff's objections are overruled, and the recommendation is affirmed

and adopted as to Defendant Fitzgerald.

      B.    <u>Magistrate Judge Watanabe's Recommendation that Defendant Hatfield's
Motion to Dismiss be Granted [ECF No. 367]</u>

In the motion to dismiss, Defendant Hatfield argues that the claims asserted

against her are barred by the applicable statute of limitations.  In the recommendation,

Magistrate Judge Watanabe agreed, noting that the claims against Defendant Hatfield

allege that she tampered with Plaintiff's legal mail.  However, "Plaintiff does not

provide specific dates for when the alleged tampering occurred."  (Recommendation at

6).   Rather, "plaintiff does allege that she filed a grievance as to the alleged tampering

and 'did not receive a final report' on the grievance 'until August 2010.'"

(Recommendation at 6).  Thus, Magistrate Judge Watanabe reasonably inferred that

"the tampering took place sometime prior to August 2010.  Furthermore, it can be

inferred that plaintiff knew of the tampering at the time the grievance was filed.  As such,

the statute of limitations as to plaintiff's claims against Defendant Hatfield expired, at the

latest, by August 2012."  (Recommendation at 6).  On March 9, 2012, Plaintiff filed her

Complaint, well prior to the expiration of the statute of limitations, however Defendant

Hatfield was not named as a defendant until January 10, 2013 and not served until June

3, 2013.

Based on my careful *de novo* review as required by 28 U.S.C. § 636(b), I find

that Magistrate Judge Watanabe thoroughly analyzed Plaintiff's claim against Defendant

Hatfield and correctly applied the legal standards applicable to the motion to dismiss.

The analysis of whether Plaintiff's claim is time-barred, the conclusions, and

recommendations of the magistrate judge are correct.  In her objection [ECF No. 401]

the Plaintiff states "[y]ou must be joking, Defendant Hatfield did not have notice that she

would be part of this law suit?"  (Objection at 1).  Plaintiff goes on to direct me to

another case, 10-cv-00155, which is a completely unrelated proceeding before Judge

Weinshienk that involved different parties and was closed in March of 2010.  (Objection

at 1).  Plaintiff makes other unsupported and unintelligible assertions that are rejected.  I

conclude that the arguments asserted by the Plaintiff in her objection are incorrect.  The

recommendation is affirmed and adopted as to the motion to dismiss.  I agree with

Magistrate Judge Watanabe that "service was not effected on Defendant Hatfield until a

year after the Complaint was filed and approximately seven months after the statute of

limitations expired."  (Recommendation at 8).  Accordingly, the substitution of Defendant

Hatfield does not relate back to the date of the filing of the original Complaint.  Plaintiff's

claims against Defendant Hatfield are therefore barred by the application statute of

limitations.

III.    OBJECTIONS TO MINUTE ORDERS [ECF Nos. 354, 355 and 400]

        Plaintiff also submits Fed. R. Civ. P 72(a) objections to three minutes orders

issued by Magistrate Judge Watanabe.  For the reasons stated below, Plaintiff's

objections are overruled and Magistrate Judge Watanabe's minute orders are affirmed.

        In the objections, Plaintiff asserts that Magistrate Judge Watanabe's rulings are

clearly erroneous or contrary to law.  Since Plaintiff filed timely objections, I must review

Magistrate Judge Watanabe's orders to determine whether they are "clearly erroneous

or contrary to law" since the nature of these matters is nondispositive.  Fed. R. Civ. P.

72(a).  "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made."  *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993).

First, Plaintiff challenges Magistrate Judge Watanabe's minute order denying her request for a ten-day jury trial rather than a five-day jury trial.  This objection is overruled.  Plaintiff will have the opportunity at the Final Trial Preparation Conference to address this issue, and I will make the final decision on the trial schedule.  Second, Plaintiff objects to Magistrate Judge Watanabe's minute order scheduling oral argument at the July 10, 2013 status conference.  Since the status conference has already occurred, this objection is overruled as moot.  Third, Plaintiff objects to Magistrate Judge Watanabe's minute order denying her request to video record the court proceedings.  This objection is overruled as Magistrate Judge Watanabe correctly ruled that D.C.COLO.LCivR 83.1 prohibits any person from using a device "to take photographs or to make audio or video recordings in any public area in the United States Courthouse ...."

Having reviewed Plaintiff's objections, I cannot find that Magistrate Judge Watanabe's minute orders are clearly erroneous or contrary to law.   Therefore, I overrule Plaintiff's objections.

IV.    CONCLUSION

Accordingly, it is

ORDERED that Magistrate Judge Watanabe's Recommendation that Defendant Fitzgerald be Dismissed [ECF NO. 340] is **AFFIRMED AND ADOPTED.**  Defendant

Fitzgerald is **DISMISSED** from this action.  It is

FURTHER ORDERED that Magistrate Judge Watanabe's Recommendation that

Defendant Hatfield's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)

[ECF No. 367] is **AFFIRMED AND ADOPTED.**  Defendant Hatfield's Motion To Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) [ECF No. 322] is **GRANTED** and Defendant

Hatfield is **DISMISSED** from this action.  It is

FURTHER ORDERED that Plaintiff's Objection to Minute Order Docket No. 334

[ECF No. 354] is **OVERRULED.**  It is

FURTHER ORDERED that Plaintiff's Objection to Minute Order Docket No. 332

[ECF No. 355] is **OVERRULED**.  It is

FURTHER ORDERED that Plaintiff's Objection to Minute Order Docket No. 358

[ECF No. 400] is **OVERRULED**.

Dated:  September 3, 2013

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge